IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>(16) ANTONIO APONTE ORTIZ<br>a.k.a. Gordo Zantac,<br>Defendant. | Criminal No. 10-251 (JAF) |

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

      **COMES NOW** the United States of America, by and through its attorneys, Rosa Emilia Rodriguez Vélez, United States Attorney for the District of Puerto Rico, José A. Ruiz, Assistant U.S. Attorney, Chief, Criminal Division, Timothy R. Henwood, Assistant U.S. Attorney, Deputy Chief, Narcotics Division and Jenifer Hernández Vega, Assistant U.S. Attorney, the defendant, Antonio Aponte Ortiz, and the defendant's counsel, Javier A. Cuyar Olivo, Esq. and state that they have reached an agreement pursuant to Rule 11(e)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

**OFFENSE TO WHICH DEFENDANT PLEADS GUILTY**

    1.    Antonio Aponte Ortiz agrees to plead guilty to COUNTS ONE and TWO of the Indictment.

    2.    COUNT ONE of the Indictment charges the defendant herein with from in or about 2005 to in or about July, 2010, knowingly and intentionally combining, conspiring, and agreeing with other persons, to commit an offense against the United States, that is: to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance; fifty (50) grams or more of cocaine base (commonly known as "crack"), a Schedule II Narcotic Drug

Plea Agreement
Page 2

Controlled Substance; five (5) kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of marijuana, a Schedule I Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Scehdule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the Virgilio Davila Public Housing Project, Las Gardenias Public Housing Project; the Brisas de Bayamon Public Housing Project, the Falin Torrech Public Housing Project, and other areas within the Municipality of Bayamon, Puerto Rico. All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 860.

3. COUNT TWO of the Indictment charges the defendant herein with from in or about 2005 to in or about July, 2010, aiding and abetting other persons, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and/or to distribute heroin, cocaine base, cocaine, marijuana, Oxycodone, and Xanax in violation of Title 21, United States Code, Sections 841 (a)(l), 860, and 846 (as charged in Count One of the instant Indictment), carrying and using firearms, as that term is defined in Title 18, United States Code, Section 921 (a)(3). All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

### MAXIMUM PENALTIES

4. In this regard, the defendant understands that in relation to COUNT ONE the penalties for the offenses charged are a maximum term of life imprisonment, a minimum mandatory term of imprisonment of ten (10) years, a fine not to exceed eight (8) million dollars and a term of

supervised release of at least ten (10) years.

5. Nonetheless, for the purpose of this Plea Agreement, the parties agree and stipulate that this ***defendant is accountable for conspiring to possess with intent to distribute at least 2 KG but less than 3.5 KG of Cocaine.*** If the Court accepts this stipulation, the statutorily authorized punishment for would be: a term of not less than five (5) years and not more than forty (40) years; a fine not to exceed four (4) million dollars; and a term of supervised release of at least eight (8) years in addition to any term of incarceration.

6. The defendant understands that in relation to COUNT TWO a consecutive term of imprisonment of sixty (60) months is mandatory. Said term is to be served consecutively to the term of imprisonment imposed in Count One.

## APPLICABILITY OF SENTENCING GUIDELINES

7. Antonio Aponte Ortiz understands that the sentence will be left entirely to the sound discretion of the Court in accordance with the advisory Sentencing Guidelines, Title 18 <u>United States Code</u>, Section 3551, *et. seq.* (hereinafter Guidelines). It is further understood that the defendant may not withdraw defendant's plea solely as a result of the sentence imposed and the Court is not bound by this plea agreement. The defendant acknowledges that defendant is aware that parole has been abolished.

## SPECIAL MONETARY ASSESSMENT

8. Prior to or at the time of sentencing, the defendant shall pay a special assessment of one-hundred dollars ($100.00), per count, as required by Title 18, <u>United States Code</u>, Section 3013(a).

## FINES AND RESTITUTION

9. The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release. The defendant is aware that in some instances, the Court may impose restitution to the victim. As part of this plea agreement, and should the Court impose restitution upon the defendant, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).

## SENTENCING GUIDELINES CALCULATIONS



10. Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guideline "sentencing range established for the applicable category of the offense committed by the defendant". *United States v. Booker*, 125 S.Ct. 738 (2005). Therefore, the United States and the defendant submit the following Advisory Sentencing Guideline calculations:

| SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| Based on the amount of controlled substance stipulated by the parties, that is at least 2 kilograms but less than 3.5 kilograms of cocaine, the Base Offense Level shall be twenty-eight (28), pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1. | 28 |
| Since the offense occurred in a protected location the base offense level shall be increased by two (2) levels, pursuant to U.S.S.G. § 2D1.2(a)(1). | +2 |
| Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's base offense level shall be further reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1. | -3 |
| **TOTAL OFFENSE LEVEL** Assuming a Criminal History Category of I, | 27 (70-87) |

| SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| In Count TWO of the Indictment where defendant pleads guilty for carrying a firearm during and in relation to a drug trafficking crime, a consecutive term of imprisonment of sixty (60) months is mandatory. Said term is to be served consecutively to the term of imprisonment imposed in Count ONE. | |
| SENTENCING RANGE | (130-147) |
| The parties make no stipulation as to defendant's Criminal History Category. | |

### RULE 11(e)(1)(B) WARNINGS

11.  Defendant understands that, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the Court is not bound by these sentencing guidelines calculations, that is, the Court may impose a harsher or lesser sentence in spite of the recommendations set forth herein. Also, the defendant understands that defendant may not withdraw defendant's plea solely as a result of the final sentencing guidelines calculations made by the Court.

### SENTENCE RECOMMENDATION

12.  If the defendant is a Criminal History Category of I, the parties will recommend a sentence of 70 months of imprisonment as to Count One and a sentence of 60 months of imprisonment as to Count Two, to be served consecutively. The total combined sentence recommended by the parties would be a term of imprisonment of 130 months of imprisonment, assuming a CHC I. If the defendant is a CHC II or higher the parties will recommend the lower end of the applicable guideline range. The defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553 (a).

### NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

13.  The parties make no stipulation as to defendant's Criminal History Category.

## NO FURTHER ADJUSTMENTS OR DEPARTURES

14. The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment, departure, or a lower sentence will be considered a material breach of this Plea Agreement and the United States will be able to request the withdrawal of the Plea Agreement.

## SATISFACTION WITH ATTORNEY

15. The defendant, represents to the Court that defendant is satisfied with defendant's attorney, Javier A. Cuyar Olivo, Esq., and hereby indicates that counsel has rendered effective legal assistance.

## RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

16. Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury

would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on defendant's own behalf.

## STIPULATED VERSION OF FACTS

17.    The accompanying Stipulated Version of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Version of Facts and agrees that the facts therein are accurate in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## JURISDICTIONAL LIMITS OF PLEA AGREEMENT

18.    It is specifically understood by the defendant, that this plea agreement does not extend

to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

### WAIVER OF APPEAL

19. The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences the defendant according to its terms, conditions, and recommendations, the defendant waives and surrenders the right to appeal the judgment and sentence in this case.

### DISMISSAL OF REMAINING COUNTS

20. As part of this plea agreement, the United States, after sentencing, will request the dismissal of the remaining counts of the Indictments pending against the defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

### ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS

21. The United States and the defendant acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

### VOLUNTARINESS OF PLEA

22. It is understood by the defendant, that defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

## BREACH AND WAIVER

23. The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

ROSA EMILIA RODRIGUEZ VELEZ
United States Attorney

By: José A. Ruiz,
Chief, Criminal Division
Dated: 11/09/2010

Timothy R. Henwood
Deputy Chief, Narcotics Division
Dated: 11-9-10

Jenifer Y. Hernandez Vega
Assistant United States Attorney
Dated: 11/9/10

Javier A. Cuyar Olivo, Esq.,
Counsel for Defendant
Dated: 11-10-10

Antonio Aponte Ortiz
Defendant
Dated: 11-10-10

Plea Agreement
Page 10

    I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 11-10-10

_____
Antonio Aponte Ortiz
Defendant

    I am the attorney for the defendant. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of defendant's plea of guilty.

Date: 11-10-10

_____
Javier A. Cuyar Olivo, Esq.
Counsel for Defendant

## STIPULATED VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 21, United States Code, §§ 846, 841(a)(1), and 860, and Title 18, United States Code, §§ 924(c)(1)(A) and 2.

From in or about 2005 up to in or about July, 2010, Antonio Aponte Ortiz a.k.a. Gordo Zantac, participated in a conspiracy with other persons to knowingly and intentionally possess with intent to distribute controlled substances, that is, one (1) kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance; fifty (50) grams or more of cocaine base (commonly known as "crack"), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of marijuana, a Schedule I Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Scehdule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority.




During and in relation to such drug trafficking crime, Antonio Aponte Ortiz, aiding and abetting other persons, carried and used firearms.

The object of the conspiracy was to distribute controlled substances at the Virgilio Davila Public Housing Project, Las Gardenias Public Housing Project, Brisas de Bayamon Public Housing Project, Falin Torrech Public Housing Project, and other areas within the Municipality of Bayamon, Puerto Rico, all for significant financial gain and profit.

In furtherance of the conspiracy and to achieve its objects the defendant would participate in the distribution of controlled substances at the housing projects. To further accomplish the goals

Plea Agreement
Page 12

of the conspiracy, the defendant would also provide protection to the leaders and members of the drug trafficking organization, the narcotics and the proceeds derived from their sales.

For the sole purpose of this Plea Agreement, it has been agreed upon that the defendant will be held accountable for at least 2 kilograms but less than 3.5 kilograms of cocaine.

Had the government proceeded to trial, it would have presented the testimony of cooperating witnesses, confidential sources, law enforcement officers and expert witnesses as well as submitted into evidence video and/or audio recordings, surveillance videos, drug ledgers, drug paraphernalia, firearms and narcotics seized, photographs, as well as any other pertinent evidence.

Full discovery was timely disclosed to the defense.

_____
Jenifer Hernández Vega
Date: 11\9\10

_____
Antonio Aponte Ortiz
Date: 11-10-10

_____
Javier A. Cuyar Olivo, Esq.
Date: 11-10-10