# United States Court of Appeals
## For the First Circuit

No. 11-1259

UNITED STATES,

Appellee,

v.

ANTONIO ORTIZ-APONTE,

Defendant, Appellant.

Before

Torruella, Boudin and Thompson,
Circuit Judges.

JUDGMENT

Entered:  November 29, 2012

We have reviewed the record and the parties' submissions, and we affirm.

The appellant, Antonio Ortiz-Aponte ("Ortiz"), argues that his guilty plea is invalid because he was not informed of the statutory maximum penalty he faced on the firearms charge.  Review is for plain error only.  See United States v. Rosado-Perez, 605 F.3d 48, 56 (1st Cir. 2010) (citations omitted).  While the district court did err in failing to advise Ortiz of the statutory maximum penalty he faced on the charge under 18 U.S.C. § 924(c)(1), see United States v. Ortiz-Garcia, 665 F.3d 279, 285-86 (1st Cir. 2011), Ortiz has not shown "a reasonable probability that, but for the error, he would not have entered the plea."  United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).  The court did tell Ortiz that, in the absence of his plea agreement, he faced a potential life sentence on the drug charge, and that under the plea agreement, he could face up to 45 years in prison.  The court also told Ortiz that it was not bound by the parties' recommendation of a 130-month sentence.  Ortiz does not explain how his decision to plead guilty might have been altered by the knowledge that he might also have faced a life sentence on the firearm charge.  He knew he faced up to 45 years in prison,

and in the end, he received substantially less than this. We see nothing here that affected Ortiz's substantial rights.

Ortiz also argues that his guilty plea should be invalidated because he was not told that the court could order that his federal sentence be served consecutive to his commonwealth sentence. But Rule 11 contains no requirement that the court so inform the defendant. The court followed Fed. R. Crim. P. 11(b)(1)(A) - (N), so we see no plain error.

We find no clear error in the court's decision to treat Ortiz's commonwealth firearms conviction as unrelated to the instant offense for the purpose of setting his Criminal History Category. See United States v. Jaca-Nazario, 521 F.3d 50, 54 (1st Cir. 2008). The court here properly considered both the temporal and geographical proximity of the two offenses, see United States v. Correy, 570 F.3d 373, 391 (1st Cir. 2009) (citation omitted), and determined that, while the two offenses did occur during the same time period, it was more likely than not that the weapons stash in Arecibo was unrelated to Ortiz's carriage of firearms during the course of a drug conspiracy that was conducted in Bayamón, some 40 miles away. This conclusion was not clearly erroneous.

Ortiz argues that the court improperly took into account the high murder rate in Puerto Rico in setting a sentence, and that his sentence was therefore unreasonable. But the high murder rate in Puerto Rico did not appear to factor into the court's ultimate decision to impose a sentence at the top of the guideline range on the drug count and a sentence of twice the statutory minimum on the firearms count. Rather, the court cited the murder rate as a reason it would insist on some affirmative proof that the Arecibo weapons stash was related to the instant offense for the purpose of setting Ortiz's Criminal History Category. Even if the court did take into account the high murder rate when it determined the appropriate sentence to impose, this was not improper. See United States v. Politano, 522 F.3d 69, 74 (1st Cir. 2008).

Ortiz complains that the court failed to ask him if he had reviewed the PSR with his attorney, as required by Fed. R. Crim. P. 32(i)(1)(A); but he does not identify any information contained in the PSR of which he was unaware prior to sentencing, so we see no reason to remand the matter. See United States v. Caparotta, 676 F.3d 213, 218 (1st Cir. 2012).

We find no error in the court's explanation of its decision to impose a ten-year sentence on the firearms charge. The sentencing court explained in substantial detail why it was imposing that sentence; its reasons included Ortiz's past arrest record, including the substantial number of dismissals of prior serious charges. This was sufficient.

Finally, Ortiz complains that the government violated the terms of the plea agreement by telling the court that the plea agreement recommended that the federal sentence run consecutive to any commonwealth sentence, and by asking the court to follow that recommendation. The government did not breach the plea agreement by recommending a consecutive sentence because nothing in the agreement prevented the government from doing so. It is unfortunate that the government told the court that a term existed in the plea agreement that simply was not there. But Ortiz did not object at the time, and we see no grounds for finding a breach where the agreement was silent on the question of whether the federal sentence should run consecutively to the commonwealth sentence.

Affirmed.  See 1st Cir. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Rafael F. Castro-Lang
Nelson Jose Perez-Sosa
Luke V. Cass
Jenifer Yois Hernandez-Vega
Cesar S. Rivera-Giraud