IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff,

v.

[16] ANTONIO ORTIZ-APONTE

Defendant.

CRIM. NO.: 10-251 (SCC)

**OPINION AND ORDER**

Pending before the Court is Defendant Antonio Ortiz-Aponte's ("Defendant Ortiz-Aponte") *pro se* petition at Docket No. 4768 requesting the appointment of counsel in order to file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). While the Government has not addressed Defendant Ortiz-Aponte's petition, the Court finds that it can render a determination regarding the same.

In his petition, Defendant Ortiz-Aponte avers that, "extraordinary and compelling circumstances" exist which

U.S.A. v. ORTIZ-APONTE                                                                 Page 2

warrant relief under § 3582(c)(1)(A)(i), for his biological mother is allegedly incapacitated and he is the only person that can take care of her. *See* Docket No. 4768. As such, he intends to file a motion for compassionate release and therefore requests that he be assigned counsel to adequately prepare said motion. *Id*. At this time, however, the Court DENIES WITHOUT PREJUDICE Defendant Ortiz-Aponte's petition.

For starters, a motion for compassionate release pursuant to § 3582(c) is a post-conviction motion. Meaning that, Defendant Ortiz-Aponte does not have an automatic right to counsel at this stage of the proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (clarifying that "the right to appointed counsel extends to the first appeal of right, and no further."). Moreover, even if the Court were to consider exercising its discretion in order to grant the instant petition, Defendant Ortiz-Aponte has failed to proffer evidence showing that he has exhausted his administrative remedies as required under § 3582(c)(1)(A). Until then, the Court is

precluded from entertaining a petition under the aforementioned statute, regardless whether such petition is ultimately filed *pro se* or with the assistance of Court appointed counsel.

The statute relied upon by Defendant Ortiz-Aponte specifies that, it is only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, after 30-days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," that the Court may entertain a motion for compassionate release. *See* 18 U.S.C. 3582(c)(1)(A). Compliance with the administrative exhaustion requirement set forth under § 3582(c)(1)(A) is a task that the Court understands Defendant Ortiz-Aponte can undertake without the assistance of Court appointed counsel.

Because Defendant Ortiz-Aponte has not shown that he has cleared the administrative exhaustion hurdle set forth

under § 3582(c)(1)(A) and the reason proffered for requiring the appointment of counsel hinges on an underdeveloped and unsubstantiated allegation stating that his biological mother is incapacitated, the Court declines to exercise its discretion to appoint counsel at this stage. Accordingly, Defendant Ortiz-Aponte's petition at Docket No. 4768 is **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of May, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE