IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff,

v.

[16] ANTONIO ORTIZ-APONTE

Defendant

CRIM. NO.: 10-251 (SCC)

**OPINION AND ORDER**

Pending before the Court is Defendant Antonio Ortiz-Aponte's ("Defendant Ortiz-Aponte") *pro se* petition at Docket No. 4728 seeking the modification of an already imposed sentence. While the Government has not addressed Defendant Ortiz-Aponte's petition, the Court finds that it can render a determination regarding the same. For the reasons set forth below, Defendant Ortiz-Aponte's petition at Docket No. 4728 is DISMISSED WITHOUT PREJUDICE.

## I.        Factual and Procedural Background

On July 14, 2010, Defendant Ortiz-Aponte was indicted—
along with over 100 individuals—as part of a conspiracy to
distribute narcotics throughout various public housing
facilities located in the municipality of Bayamón. *See* Docket
No. 3. Specifically, Defendant Ortiz-Aponte was charged with
conspiracy to possess and intent to distribute narcotics in
violation of 21 U.S.C. §§ 841(a)(1) and 860, identified as Count
I of the Indictment, and with having carried or used firearms
in connection with the aforesaid drug trafficking offense in
violation of 18 U.S.C. §§ 924(c)(1)(A) and (2), identified as
Count II of the Indictment. *See* Docket No. *Id.*

On November 10, 2010, Defendant Ortiz-Aponte entered
into a plea agreement, whereby he agreed to plead guilty to
Counts I and II of the Indictment. *See* Docket No. 698. At the
sentencing hearing, however, Defendant Ortiz-Aponte's
Criminal History was calculated at II—instead of at I—after
the sentencing Court determined that a previous state court
conviction, pertaining to several counts for weapons charges

under Puerto Rico law, was not relevant conduct to the
conspiracy charged in the Indictment.[1] *See* Docket No. 2083 at
pg. 13. The sentencing Court therefore imposed the following
sentence:  97 months as to Count I and 120 months as to Count
II, to be served consecutively, for a total of 217 months. *See*
Docket No. 1187. Moreover, the state convictions were also to
be served consecutively to the federal sentence.  *Id.* Judgment
was entered on February 14, 2011. *Id.*

Even though Defendant Ortiz-Aponte appealed his
sentence, the same was affirmed by the First Circuit on
November 29, 2012. *See* Docket No. 2948. And because
Defendant Ortiz-Aponte did not file a petition for writ of
*certiorari* before the Supreme Court, his judgment became
final on February 28, 2013. *See Ramos-Martínez v. U.S.*, 638 F.3d
315, 320-321 (1st Cir. 2011) (noting that if a defendant fails to
file a petition for writ of *certiorari* before the Supreme Court

---

[1] Defendant Ortiz-Aponte pleaded guilty to these charges and on
December 14, 2010, the state court sentenced him to 10 years of
imprisonment. *See* Docket No. 1039 at ¶ 70.

contesting the affirmation of the direct appeal, the judgment
of conviction becomes final when the time for filing the
*certiorari* expires, which in a federal criminal case is 90 days
after the entry of judgment by the corresponding court of
appeals).

On February 17, 2016, Defendant Ortiz-Aponte filed a
Motion to Reduce Sentence in view of Amendment 782 to
Policy Statement § 1B1.10(d), of the United States Sentencing
Guidelines Manual (2014 edition) pursuant to 18 U.S.C. §
3582(c)(2). *See* Docket No. 3656. The Court granted Defendant
Ortiz-Aponte's motion and modified the term of
imprisonment as to Count I from 97 months to 78 months, to
be served consecutively to the 120 months that had been
previously imposed in connection with Count II.[2] *See* Docket

---

[2] A motion pursuant to § 3582(c)(2), such as the one filed by Defendant
Ortiz-Aponte in order to benefit from Amendment 782, *see* Docket No.
3656, does not entail a new sentence or a resentencing. Rather, § 3582(c)(2)
allows for the modification of the term of imprisonment by enabling the
Court to "reduce an otherwise final sentence in circumstances specified by
the Commission." *Dillon v. U.S.,* 560 U.S. 817, 825 (2010) (quotation marks
omitted). Therefore, even after the sentence modification in light of
Amendment 782, the date of Defendant Ortiz-Aponte's judgment of

No. 3818. Defendant Ortiz-Aponte subsequently filed additional post-judgment motions requesting that his sentence be reduced. The same have been denied.

## II. Analysis

Defendant Ortiz-Aponte invokes 18 U.S.C. § 3742 and 18 U.S.C. § 3582(c)(1)(a)(i) as the legal bases for the petition currently before the Court. *See* Docket No. 4728. While § 3742 allows for a sentence to be appealed, it does not offer any mechanisms for this Court to provide relief. Therefore, Defendant Ortiz-Aponte's reliance on this statute is misplaced. As for § 3582(c)(1)(a)(i), Defendant Ortiz-Aponte posits that "extraordinary and compelling reasons exist warranting" the reduction of his sentence. *Id.* However, he has not shown that he has complied with the prior exhaustion of administrative remedies required to file a petition under § 3582(c)[3] before this Court. Defendant Ortiz-Aponte's failure

---

conviction, to wit, February 28, 2013, remains unaltered.

[3] This Court may entertain a petition pursuant to § 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the

to satisfy the procedural statutory requirements enounced in § 3582(c)(1)(A) precludes the Court from analyzing whether "extraordinary and compelling reasons" exist which would potentially pave the way for him to benefit from a sentence reduction. These reasons alone are dispositive of Defendant Ortiz-Aponte's petition. However, bearing in mind that "a document filed *pro se* is 'to be liberally construed,'" *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted), and after looking beyond the labels and statutes referenced by Defendant Ortiz-Aponte in his petition, the Court finds that what is actually pending before this Court is a petition pursuant to 28 U.S.C. § 2255.

Indeed, the cover of Defendant Ortiz-Aponte's petition refers to "extraordinary and compelling reasons" which generally points to a motion under § 3582(c)(1)(A)(i). *See*

---

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, after 30-days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *See* 18 U.S.C. § 3582(c)(1)(A).

Docket No. 4728. Nevertheless, upon further examination of
the substance of the petition itself, the Court finds that the
arguments articulated therein fall within the confines of a §
2255 petition.

Pursuant to § 2255(a), a defendant may move the Court to
vacate, set aside, or correct his sentence "upon the ground
that the sentence was imposed in violation of the Constitution
or laws of the United States, or that the court was without
jurisdiction to impose such sentence, or that the sentence was
in excess of the maximum authorized by law, or is otherwise
subject to collateral attack . . . ." *See* 28 U.S.C. § 2255(a). Here,
Defendant Ortiz-Aponte's arguments essentially boil down to
alleged violations of his Fifth and Sixth Amendment rights
because his indictment was purportedly defective and did not
charge an offense as to Count II. *See* Docket No. 4728. These
arguments fall within the ambit of a § 2255 petition.
Accordingly, the Court will construe Defendant Ortiz-
Aponte's petition at Docket No. 4728 as a § 2255 petition. *See*
*Trenkler v. U.S.,* 536 F.3d 85, 97 (1st Cir. 2008) (explaining that

"any motion filed in the district court that imposed the sentence, and substantively within the scope of Section 2255, is a motion under Section 2255, no matter what title the prisoner plasters on the cover.") (internal quotations and citations omitted)).

Nevertheless, even when examining Defendant Ortiz-Aponte's petition under the scope of § 2255, the same fails for several reasons. For starters, this is not Defendant Ortiz-Aponte's first rodeo when it comes to § 2255 petitions challenging his conviction. A review of the record reveals that on February 5, 2014, Defendant Ortiz-Aponte filed his first § 2255 petition. *See Antonio Ortiz-Aponte v. U.S.*, Civil Number 14-1109 at Docket No. 1. The Court, however, denied the petition on the merits. *Id.* at Docket No. 5. An appeal to the First Circuit followed but the same was dismissed for lack of prosecution. *Id.* at Docket No. 11. He then sought permission from the First Circuit in order to file a successive § 2255 petition advancing a double jeopardy claim but the same was also denied. *Id.* at 21-1. More fundamentally, the instant

petition—although advancing different arguments—challenges the very same conviction that was challenged in the first § 2255 petition, and in the request to file a successive § 2255 petition, which was ultimately denied by the First Circuit. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (defining a "second or successive" habeas petition as one that is filed after a first petition was resolved by an adjudication on the merits).

But in order to file a successive § 2255 petition, Defendant Ortiz-Aponte must have first sought "pre-clearance, in the form of a certificate," from the First Circuit authorizing this Court to consider his petition in view of the prior approval provision referenced in § 2255(h). *See Trenkler*, 536 F.3d at 96; *see also* 28 U.S.C. § 2244(b)(3)(A). The reason being that, without such authorization, the Court lacks jurisdiction to consider a successive § 2255 petition. *See Pratt v. U.S.* 129 F.3d 54, 57 (1st Cir. 1997) (observing that the Court is stripped "of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go

forward."). Here, the record does not show that Defendant Ortiz-Aponte cleared this jurisdictional roadblock, for there is no indication that he sought the necessary pre-clearance from the First Circuit to file a successive § 2255 petition prior to filing the instant petition. As such, the instant petition constitutes an impermissible successive § 2255 petition and the Court lacks jurisdiction to entertain the same.[4]

### III.   Certificate of Appealability

Rule 11(a) of the "Rules Governing Section 2255 Proceedings for the United State District Court" mandates that, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[4] It is also worth noting that, Defendant Ortiz-Aponte's petition suffers from at least one additional defect, for the same is untimely. Petitions under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). And while § 2255(f) lists other circumstances which may begin to run the one-year limitations period, none apply to this case. Here, the instant petition was filed more than seven years after his judgment became final and over six years after he filed his first § 2255 petition. Defendant Ortiz-Aponte's petition thus falls well outside of the prescriptive period.

applicant." The issuance of a Certificate of Appealability ("COA") follows when the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant Ortiz-Aponte's motion at Docket No. 4728 failed to make such a showing. As such, the Court will not issue a COA.

Defendant Ortiz-Aponte may, however, apply directly to the First Circuit for a COA pursuant to Federal Rule of Appellate Procedure 22(b)(1).[5]

### IV.    Conclusion

As explained above, even after construing Defendant Ortiz-Aponte's petition as a successive § 2255 petition, the record does not show that he sought the necessary pre-clearance from the First Circuit in order to file the same. As such, the Court lacks jurisdiction to entertain the instant petition. That being said, First Circuit Local Rule 22.1(e)

---

[5] This rule states in pertinent part that, "[i]f the district judge has denied the [COA], the applicant may request a circuit judge to issue it." *See* Fed. R. App. P. 22(b)(1).

dictates that if an un-authorized § 2255 petition is filed before the Court, the Court will either transfer the petition to the First Circuit "pursuant to 28 U.S.C. § 1631 or dismiss the petition." 1st Cir. L.R. 22.1(e). In order to determine whether a transfer or dismissal is the appropriate course of action, the Court turns to § 2255(h) which indicates that a successive § 2255 petition may be authorized by the First Circuit if it addresses:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Defendant Ortiz-Aponte's petition does not set forth any of the aforementioned reasons which would merit the

authorization of a successive § 2255 petition, as such, a transfer of the petition to the First Circuit "would be an exercise in futility." *See Trenkler*, 536 F.3d at 98. With this in mind, the Court will therefore **DISMISS WITHOUT PREJUDICE** Defendant Ortiz-Aponte's petition at Docket No. 4728 for lack of subject matter jurisdiction and **DENY** the issuance of a COA, although Defendant Ortiz-Aponte may apply for one directly to the First Circuit.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 6th day of May, 2021.

        S/ SILVIA CARREÑO-COLL
        UNITED STATES DISTRICT COURT JUDGE